UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDEN TREATMENT, LLC, *et. al.*, | Case No. 2:24-cv-02257-RFB-MDC |
| Plaintiffs, | **ORDER** |
| v. | |
| ANTHEM BLUE CROSS BLUE SHIELD OF NEVADA, *et al.*, | |
| Defendants. | |

Before the Court is a Motion to Remand, a Motion to Compel Arbitration, and a Motion for Preliminary Injunction. For the following reasons, the Court denies the Motion to Remand, grants the Motion to Compel Arbitration, and denies the Motion for Preliminary Injunction as moot.

**I.   PROCEDURAL HISTORY**

Plaintiffs Eden Treatment, LLC ("Eden") and Ignite Teen Treatment, LLC ("Ignite") initiated this action by filing a Complaint in the Eighth Judicial District Court in Clark County, Nevada, on October 25, 2024. ECF No. 1-1. Plaintiffs named two Defendants, Rocky Mountain Hospital and Medical Services, Inc. dba Anthem Blue Cross and Blue Shield ("Rocky Mountain"), and HMO Colorado, Inc. dba HMO Nevada ("HMO Colorado"), as those were the two entities named in the Facility Agreements into which the parties entered. On December 5, Defendants Rocky Mountain and HMO Colorado removed the action to this Court. ECF No. 1.

Shortly after removal, on December 12, 2024, Defendants filed a motion to compel arbitration or, in the alternative, a motion to dismiss, as well as an alternative motion to strike Plaintiffs' request for punitive damages. ECF No. 4. In that Motion, Defendants submitted a Declaration by Ashley DeLanis, the Regional Vice President of Provider Solutions with Rocky Mountain, which stated that, in November 2022, Defendants assigned the Facility Agreements to

"Carelon Behavioral Health" formerly known as Beacon Health Options, Inc.

On December 16, Plaintiffs filed the First Amended Complaint ("FAC"), naming additional "Carelon" entities: Carelon Behavioral Care, Inc. ("Carelon BC"), Carelon Behavioral Health, Inc. ("Carelon BH"), and Carelon Health of Nevada, Inc. ("Carelon NV"). Plaintiffs also named Elevance Health Companies, Inc. ("Elevance Health"), which Plaintiffs allege is a parent company with some degree of ownership and control over all the Carelon entities. ECF No. 5. Plaintiffs then filed a Motion to Remand wherein they alleged that one of the newly named entities, Carelon NV, is a Nevada corporation and complete diversity of citizenship no longer exists. ECF No. 11. They also filed a Motion to Shorten Time. ECF No. 12. Plaintiffs responded to Defendants' Motion to Compel Arbitration on December 26. ECF No. 14. Defendants responded to the Motion to Remand on January 2, 2025. ECF No. 19.

On December 30, 2024, Defendants renewed their Motion to Compel and alternative motions to dismiss and strike. ECF No. 15. Defendants Carelon BC, Carelon BH, and Carelon NV filed a joinder to the motion on January 14, 2025. ECF No. 23. Plaintiffs responded on January 17, 2025. ECF No. 29. Defendants replied on January 24. ECF No. 35.

On December 31, 2024, Plaintiffs filed a Motion for Preliminary Injunction along with a Motion to Shorten Time. ECF Nos. 17, 18. Defendants responded to both motions on January 14, 2025. ECF Nos. 25, 26. Plaintiffs replied to both motions on January 21, 2025. ECF Nos. 31, 32.

The Court's Order follows.

## II.     FACTUAL ALLEGATIONS / BACKGROUND

The following facts are drawn from Plaintiffs' FAC.

Plaintiffs Eden and Ignite are healthcare providers specializing in the operation of residential treatment facilities for individuals with eating disorders and other mental health disorders.

On October 27 and December 1, 2020, respectively, Plaintiffs entered into Facility Agreements with Defendants Rocky Mountain and HMO Colorado. Per the agreements, Eden and Ignite would provide mental health treatment services to individuals insured by Defendants. After executing the agreements, Plaintiffs began providing medical services to Defendants' insured and

were paid in accordance with the terms of the agreements.

Pursuant to the express terms of the agreements, Eden and Ignite are required to obtain preauthorization from Defendants prior to providing medical services. After services are provided, Plaintiffs are then required to submit claims for payment, which Defendants are required to approve or deny within 30 days of receipt. The agreements then required Defendants to issue payment within 30 days of claim approval.

On or about November 2022, the rights and obligations under the Facility Agreements were assigned to Defendants Carelon BH, Carelon BC, Carelon NV, and Elevance Health.

On or about September 2023, Defendants began denying claims submitted by Plaintiffs despite preapproval and proper submission. Through 2024, Plaintiffs received conflicting information from Defendants' representatives and Defendants continued to deny claims without explanation. In aggregate, Plaintiffs allege that Defendants have wrongfully denied 687 claims totaling over $549,000. Plaintiffs suffered harm as a result of Defendants' nonpayment of claims, including rent on facilities, wages to staff, licensing and compliance costs, supplies, and others.

### III.   LEGAL STANDARD

#### A. Motion to Remand

After removal, Plaintiffs filed FAC that named Carelon NV, a Nevada entity, as an additional defendant. If a plaintiff seeks to join additional defendants whose joinder would destroy federal diversity jurisdiction after removal from state court, the court may deny joinder, or permit joinder and remand to state court. 28 U.S.C. § 1447(e); see also McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 607 (S.D. Cal. 2014) ("[T]he majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment 'as a matter of course' to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under section 1447(e).") (internal citation omitted). The decision to permit joinder of a defendant that destroys diversity jurisdiction is left to the sound discretion of the district court. See Stevens v. Brink's Home Security, Inc., 378 F.3d 944, 949 (9th Cir.2004); Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). In exercising this discretion, courts have generally considered the following factors, including: (1)

1   whether the party sought to be joined is needed for just adjudication and would be joined under
2   Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an
3   original action against the new defendants in state court; (3) whether there has been unexplained
4   delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5)
5   whether the claims against the new defendant appear valid; and (6) whether denial of joinder will
6   prejudice the plaintiff. See, e.g., JSR Micro, Inc. v. QBE Ins. Corp., No. C 09–3044 PJH, 2010
7   WL 5211504, at *1 (N.D. Cal. Dec. 16, 2010).

### B. Motion to Compel

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, governs arbitration agreements in any contract affecting interstate commerce. See Cir. City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001); see also 9 U.S.C. § 2. The FAA "provides that 'an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Fli-Lo Falcon, LLC v. Amazon.com, Inc., 97 F.4th 1190, 1193 (9th Cir. 2024) (quoting AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011)).

Defendants seek to compel arbitration of Plaintiffs' claims against them pursuant to the Facility Agreements. Because the FAA mandates that "district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]" a court's involvement is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (internal quotation marks omitted). The party seeking to compel arbitration has the burden of showing that both of these questions are answered in the affirmative. See Nguyen v. Barnes and Noble, Inc., 763 F.3d 1171, 1175 (9th Cir. 2014); Ashbey v. Archstone Prop. Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015). "If the answer is yes to both questions, the court must enforce the agreement." Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004).

Courts review arbitration agreements in light of the "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–

25 (1983). "If an agreement exists, the FAA 'leaves no place for the exercise of discretion by a district court, but instead mandates that [it] shall direct the parties to proceed to arbitration.'" Fli-Lo Falcon, 97 F.4th at 1193 (quoting Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985)).

Section 3 of the FAA provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. See 9 U.S.C. § 3. A request for a stay is not mandatory. See Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978).

## IV. DISCUSSION

### A. Motion to Remand

Defendants properly removed this case as, at the time of the removal, the lawsuit was between citizens of different states and the amount in controversy exceeded the jurisdictional requirement. See 28 U.S.C. § 1332; 28 U.S.C. § 1441. It is undisputed, however, that the presence of Carelon NV as a named Defendant in this lawsuit would divest the Court of jurisdiction. See Yniques v. Cabral, 985 F.2d 1031, 1034 n. 1 (9th Cir.1993); 28 U.S.C. § 1332. Specifically, there would no longer be complete diversity. Carelon NV, which the Plaintiffs added in their FAC, is a Nevada corporation. Plaintiffs are both Nevada limited liability companies. Therefore, Plaintiffs seek remand of this action to state court. Defendants oppose this motion and ask the Court to exercise its discretion to deny joinder of Carelon NV pursuant to 28 U.S.C. § 1447(e).

Considering the totality of the circumstances, the Court finds that joining Carelon NV in this action is not warranted. While the statute of limitations has not run and Plaintiffs' request is timely, the Court finds that Carelon NV is not needed for just adjudication, the claims against Carelon NV do not appear valid, and denial of joinder will not prejudice Plaintiffs. The circumstances of this case further suggest that joinder was intended to defeat federal jurisdiction.

### i. *Carelon NV is Not Needed for a Just Adjudication*

As to the first factor, Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, impede the putative party's ability to protect its interests, or would subject any of the parties to the danger of inconsistent obligations. See FED.

1  R. Civ. P. 19(a). "[W]hile courts consider the standard set forth under Rule 19 in determining
2  whether to permit joinder under section 1447(e), 'amendment under § 1447(e) is a less restrictive
3  standard than for joinder under [Rule 19].'" Forward-Rossi v. Jaguar Land Rover N. Am., LLC,
4  No. 16-cv-00949-CAS, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016) (alteration in original)
5  (internal citation omitted). "'The standard is met when failure to join will lead to separate and
6  redundant actions,' but it is not met when 'defendants are only tangentially related to the cause of
7  action or would not prevent complete relief.'" Id. (citing IBC Aviation Servs., Inc. v. Compania
8  Mexicana de Aviacion, S.A. de C.V., 125 F.Supp.2d 1008, 1012 (N.D. Cal. 2000).

9        Carelon NV is only tangentially related to this case. The basis for Plaintiffs' claims against
10 Carelon NV is their allegation that it was assigned the rights and obligations of the facility
11 agreements. However, Plaintiffs fail to plead any facts in the FAC which demonstrate that the at-
12 issue agreements were assigned to Carelon NV or to individuals operating on behalf of the
13 corporation. Instead, in their Motion to Remand, Plaintiffs simply state that Carelon NV appeared
14 in public searches for "Carelon" entities. They also provide correspondence with three individuals,
15 Melanie Miyashiro, Lisa Caraway, and Madeline Dunn, who have email addresses ending in
16 "carelon.com" and have the abbreviation "NV" in their email signatures.

17       In response, Defendants provide a Declaration by Ashley DeLanis stating that the two
18 contracts at issue were assigned to Carelon BH, rather than Carelon NV. In a separate Declaration,
19 Ms. Dunn, who is the Director of Network Management with Carelon BH, provides that she, as
20 well as Ms. Miyashiro and Ms. Caraway, are all employees of Carelon BH rather than Carelon
21 NV. She further states that Carelon NV has no role with respect to Carelon BH's administration
22 of Plaintiffs' network agreements. Even in the original Ashley DeLanie Declaration, provided
23 alongside Defendants' Motion to Compel Arbitration, which caused Plaintiffs to file their FAC
24 adding Carelon NV, she states that the agreements were assigned to "Carelon Behavioral Care,
25 Inc." and made no reference to Carelon NV. From this, the Court finds that Carelon NV is, at most,
26 tangentially related to this action. Accordingly, complete relief can be obtained by Plaintiffs
27 without joining Carelon NV as a party.
28

### ii.    *Joinder Appears Intended to Defeat Federal Jurisdiction*

A trial court should look with particular care at Plaintiffs' motive in seeking joinder, particularly if the presence of a new defendant will defeat the court's diversity jurisdiction and require a remand to state court. See Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980). It is improper, however, to "impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal." IBC Aviation Servs., 125 F.Supp.2d at 1012.

Here, the premise of Plaintiffs' motion to remand is that Carelon NV's joinder would defeat federal jurisdiction. In their opposition to the Motion to Remand, Defendants provide the Court with the notices sent to Plaintiffs, long before the filing of the original complaint, informing them that the Facility Agreements were assigned. Therefore, Plaintiffs could have added some, or all, of the Carelon Defendants before filing of the Complaint, rather than waiting until after the case was removed to federal court. Further, Plaintiffs justify the joinder of Carelon NV by relying on a declaration provided alongside Defendants' first motion to compel. However, that declaration names only Carelon BH as the party to which these agreements were assigned. Nonetheless, Plaintiffs then seek to join Carelon NV. Given these considerations, Plaintiffs' requested joinder "raise[s] concerns as to whether the claims are valid, or instead asserted for the purpose of defeating diversity jurisdiction." Murphy v. Am. Gen. Life Ins. Co., 74 F.Supp.3d 1267, 1286 (C.D. Cal. 2015).

### iii.    *The Claims Against Carelon NV Do Not Appear Valid*

The fifth factor asks whether the claims brought against the new defendant appear valid and meritorious. See Freeman v. Cardinal Health Pharmacy Servs., LLC, No. 2:14-cv-01994-JAM, 2015 WL 2006183, at *2–*4 (E.D. Cal. May 1, 2015). Plaintiffs are bringing multiple claims against all Defendants, including claims for breach of contract, breach of the implied duty of good faith and fair dealing, violation of NRS 686A.020 and 686A.310, violation of Nevada's prompt payment statutes, and declaratory relief. Plaintiffs allege no independent conduct taken by Carelon NV that could form the legal basis for such claims. In fact, Plaintiffs' sole justification for joining Carelon NV is that it appeared in a search for "Carelon" entities and because they allegedly

- 7 -

communicated with employees of Carelon NV. Defendants have since provided sworn affidavits that those employees were associated with Carelon BH. Plaintiffs provide no further support for a claim against Carelon NV, who is not alleged to have been involved in this case beyond sharing a name with Carelon BH.

### iv. *Denial of Joinder Will Not Prejudice Plaintiffs*

Finally, the last factor courts consider is whether plaintiff will "suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder." Boon v. Allstate Co., 229 F.Supp.2d 1016, 1025 (C.D. Cal. 2002). Denial of joinder will not prejudice the Plaintiffs. Since Rocky Mountain, Elevance Health, Carelon BH, Carelon BC, and HMO Colorado remain in this case, Plaintiffs can obtain complete relief without Carelon NV.

For these reasons, the Court denies the joinder of Carelon NV and denies Plaintiffs' Motion to Remand based on the joinder of a non-diverse defendant.

### B. Motion to Compel Arbitration

Defendants seek to compel arbitration of Plaintiffs' claims against them pursuant to the Facility Agreements. The threshold question on any motion to compel arbitration is whether the parties formed an agreement. Here, it is not disputed that Defendants Rocky Mountain and HMO Colorado and Plaintiffs Ignite and Eden entered into Facility Agreements and that they contain an arbitration clause. Plaintiffs argue that the Facility Agreements' arbitration provisions are no longer enforceable due to the purportedly invalid assignment of the agreements. However, regardless of whether the assignment was invalid, Plaintiffs do not contest that the Facility Agreements were assigned to the Carelon entities. In fact, in the FAC, Plaintiffs state that, on or about November of 2022, the rights and obligations under the Facility Agreements originally assigned to Defendants HMO Colorado and Rocky Mountain were assigned to the Carelon Defendants, including Carelon BH, Carelon BC, and Elevance Health.[1] In fact, the majority of Plaintiffs' claims against Carelon BH, Carelon BC, and Elevance Health, including for breach of contract, breach of implied-in-fact contract, breach of the implied covenant of good faith and fair

---

[1] Plaintiffs also allege that the Agreements were assigned to Carelon NV, but the Court has already denied joinder of this diversity-destroying defendant.

dealing, and unjust enrichment stem from these agreements. Therefore, Plaintiffs' claims against Carelon BH, Carelon BC, and Elevance Health for breach of contract depend on an assignment having occurred and these entities becoming parties to the Agreements.

The Court next considers whether the arbitration clauses in these Agreements encompass Plaintiffs' claims against Defendants by looking to the Facility Agreements provided by Plaintiffs in the FAC. See Manuwal v. BMW of N. Am., LLC, 484 F.Supp.3d 862, 864 n.1 (C.D. Cal. 2020) ("The Court may examine evidence outside the pleadings on a motion to compel arbitration."). Article VII of each of the Agreements sets forth the Dispute Resolution and Arbitration Provision, which states, in pertinent part, "[a]ll disputes between Anthem and Facility arising out of or related in any manner to this Agreement shall be resolved using the dispute resolution and arbitration procedures as set forth below."

Because the Facility Agreements at issue here broadly direct any controversy between Plaintiffs and Defendants to arbitration, the Court finds that Plaintiffs' causes of action against Defendants fall within the terms of the agreement. Moreover, Plaintiffs do not argue, and the Court has not found anything on the record that suggests, that the dispute in this action would not be covered by this agreement to arbitrate. See Bosinger v. Phillips Plastics Corp., 57 F.Supp.2d 986, 990 (S.D. Cal. 1999) ("A court will not ordinarily except a controversy from coverage of a valid arbitration clause unless it may be said with positive assurance that the arbitration clause is not susceptible [to] an interpretation that covers the asserted dispute."). Accordingly, given that the FAA "leaves no place for the exercise of discretion by a district court[,]" Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985), the Court finds that the dispute between Plaintiffs and Defendants is arbitrable.

Finally, the Court notes that Plaintiffs' primary argument in opposition to the Motion to Compel, that Defendants' assignment of the Facility Agreements was a breach of the contract, goes to the merits of the Plaintiffs' claims against Defendants. The Court need not resolve that dispute in a motion to compel especially since it requires interpretation of the contract. Section 9.2 of the Facility Agreements states in pertinent part that: "This Agreement may not be assigned by either party without the prior written consent of the other party, except that Anthem retains the

right to assign, either by operation of law or otherwise, or transfer in whole or in part, this Agreement to an *Affiliate*." (emphasis added). The parties then dispute whether the Carelon Defendants were "Affiliates" within the meaning of the contract. However, in Section § 7.2 of the Facility Agreements, the parties agreed that the JAMS Comprehensive Arbitration Rules and Procedures will apply, and JAMS Rule 11(b) provides the arbitrator with authority to decide issues concerning the "validity, interpretation or scope" of the Agreements. Having found that there is an agreement between the parties containing an arbitration clause, the Court finds that the issue concerning the interpretation of the term "affiliate" is left to the arbitrator.

### V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Compel Arbitration, or in the Alternative to Dismiss and Strike (ECF No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Shorten Time (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Arbitration, or in the Alternative to Dismiss and Strike Plaintiffs' First Amended Complaint (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction (ECF No. 17) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Shorten Time (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that litigation of the claims against Defendants are **STAYED** pending the resolution of arbitration proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the parties are instructed to submit a status report every ninety days after the commencement of arbitration until arbitration is concluded. Either party may move to lift the stay once arbitration has concluded.

**DATED:** September 7, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**